**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Damon Lee,<br><br>    Petitioner,<br><br>vs.<br><br>Susan McClintock,<br><br>    Respondent. | No. CIV 14-136-TUC-LAB<br><br>**ORDER** |

On January 6, 2014, Tracy Damon Lee, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241.  (Doc. 1)  He filed an amended complaint on March 26, 2014.  (Doc. 5)  Lee claims Bureau of Prison staff improperly delayed his disciplinary proceeding and then improperly attempted to excuse the delay. *Id*.

The respondent, Susan McClintock, filed an answer opposing the petition on May 29, 2014. (Doc. 10)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 12)

The petition will be denied.  The hearing delay did not cause Lee prejudice and did not violate due process.

Summary of the Case

1  Lee is currently incarcerated at the Federal Correctional Institution in Safford, Arizona.
2  (Doc. 10-1, ¶ 3)  At the time of the disciplinary incident at issue here, he was an inmate in the
3  Special Housing Unit in Lompoc, California.  *Id*., ¶ 4

4  On September 22, 2009,  a correctional officer found in Lee's cell "six razor blades and
5  three pieces of metal approximately one and one-half inches long, sharpened to a point, with
6  one melted to a toothbrush in the form of a lock-picking device."  (Doc. 10-1, ¶ 4)  An incident
7  report was prepared charging Lee with Possession of a Weapon, a Code 104 prohibited act, and
8  Possession of a Lock Picking Device, a Code 208 prohibited act.  *Id*.

9  The incident report was delivered to Lee the next day on September 23, 2009. (Doc. 10-
10  1, ¶ 5)  Lee admitted that, "All that stuff is mine, because I use the metal to fix radios."  *Id*.

11  The Lompoc complex is comprised of multiple facilities.   (Doc. 10-1, ¶ 6)
12  Unfortunately, the incident report was placed in the Medium facility's log book instead of the
13  Low facility's log book.  *Id*.  This error caused the unit staff to receive the report six days later
14  on September 29, 2009.  *Id*.  Lee's Unit Discipline Committee (UDC) hearing was conducted
15  on the same date.  *Id*.

16  At that time, federal regulations stated that hearings should ordinarily occur within three
17  working days of the time the staff became aware of the incident.  *Id*., ¶ 7  (citing 28 C.F.R. §
18  541.15 and Program Statement 5270.07)  Unit staff noted the delay on the Advisement of
19  Incident Report Delays form.  *Id*., ¶ 7  The form does not contain the warden's signature
20  because the hearing was not held "beyond five working days" of the incident.  *Id*.;  (September
21  26 and 27, 2009 fall on a Saturday and Sunday respectively.).

22  At the UDC hearing, Lee stated the objects were tools for working on radios and
23  headphones.  *Id*., ¶ 8  The UDC referred the incident to the Discipline Hearing Officer (DHO).
24  *Id*.

25  The DHO hearing took place on October 7, 2009.  *Id*., ¶ 9  Lee was previously advised
26  of the date of the hearing and given a written copy of the charges.  *Id*., ¶ 6  He was informed of
27  his right to representation by a full-time staff member and his right to call witnesses.  *Id*.  Lee
28  again admitted he possessed the objects but asserted they were tools not weapons.  *Id*., ¶ 9  The

1 DHO found Lee had committed a Code 108 violation, Possession of a Hazardous Tool, and a
2 Code 208 violation, Possession of a Lock Picking Device. *Id.* The DHO sanctioned Lee with
3 loss of 54 days of good conduct time among other things. *Id.*, ¶ 10 Lee appealed the sanctions
4 to the Regional Director and the Office of General Counsel. *Id.*

5 On January 6, 2014, Lee filed the pending amended petition for writ of habeas corpus.
6 (Doc. 5) He argues his due process rights were violated when his hearing was delayed past
7 three working days circumventing the "Incident Delay Process." *Id.* The respondent filed an
8 answer on May 29, 2014 arguing the petition should be denied on the merits. (Doc. 10) Lee
9 did not file a reply.

Discussion

Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624. Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987), *cert. denied*, 487 U.S. 1207 (1988). "The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.*

The final decision to revoke good time credits must be based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. If so, then due process is satisfied. *Id.* The court need not examine the entire record, independently assess the credibility of the witnesses, or weigh the evidence. *Id.* at 455.

Lee argues his due process rights were violated because his hearing was delayed past three working days circumventing the "Incident Delay Process." (Doc. 5, p. 4) He is incorrect.

Assuming his hearing was delayed past the deadline stated in the regulations, this error only affects his due process rights if he suffered prejudice. Lee, however, fails to explain how

1  this error affected the outcome of the hearing.  He does not claim he lacked written notice of
2  the violation.  Neither does he claim he lost an opportunity to present evidence.  The alleged
3  irregularities did not violate his due process rights. *See, e.g., Jones v. Cross*, 637 F.3d 841, 846
4  -847 (7th Cir. 2011) (Where the petitioner argued that delays in the disciplinary process violated
5  BOP regulations, the court found "Jones suffered no prejudice as a result of the delays, so any
6  conceivable due process violation was harmless."); *Armstrong v. Warden of USP Atwater*,
7  2011 WL 2553266, 8 (E.D.Cal. 2011) ("[A] violation of a BOP regulation, without more, does
8  not rise to the level of a due process violation.").

10  IT IS ORDERED that the Amended Petition for Writ of Habeas Corpus pursuant to Title
11  28, United States Code, Section 2241, filed on March 26, 2014 by Tracy Damon Lee is
12  DENIED.  (Doc. 5)
13  The Clerk is directed to prepare a judgment and close this case.

15  DATED this 2nd day of December, 2014.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 4 -